_____

No. 95-2878
_____

United States of America,             *
                                      *
          Appellee,                   *   Appeal from the United States
                                      *   District Court for the
     v.                               *   Eastern District of Missouri.
                                      *
Adam C. Risch,                        *
                                      *
          Appellant.                  *


_____

                    Submitted: April 9, 1996

                      Filed:  June 24, 1996
_____

Before FAGG, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.


     Following a jury trial, Adam C. Risch was convicted of manufacturing
marijuana, a violation of 21 U.S.C. § 841(a)(1) (1994).  The District
Court[1] sentenced Risch to eighty-four months of imprisonment followed by
three years of supervised release.  Risch appeals his conviction and
sentence.  For reversal, Risch first argues that the District Court abused
its discretion at trial when it refused to give Risch's proposed theory-of-
defense instruction.  Risch also argues, and the government concedes, that
his case should be remanded to the District Court for consideration of
resentencing based on Amendment 516 to the Federal Sentencing Guidelines,
which reduced the quantity of marijuana attributable for sentencing
purposes to a plant of marijuana.  Finally, Risch

_____

     [1]The Honorable Charles A. Shaw, United States District Judge
for the Eastern District of Missouri.

argues that the District Court incorrectly calculated his criminal history category by double-counting allegedly related offenses as reported in his Presentence Investigation Report (PSR).  We affirm Risch's conviction and the calculation of his criminal history category, but remand to the District Court for consideration of whether Risch's sentence should be reduced in light of Amendment 516.

## I.

At trial, the government's case-in-chief included testimony from officers with the Franklin County Sheriff's Department, who testified that they began surveillance of Risch's home and property after receiving information that there was marijuana growing on the premises.  After observing marijuana patches growing within fifty feet of Risch's mobile home, the officers executed a search warrant for Risch's residence and property.  The search of Risch's home uncovered a number of items, including marijuana seeds, rolling papers, and marijuana cultivation and seed catalogs.  In addition, the officers seized 150 marijuana plants from seven patches around the mobile home.  In their search, the officers also discovered black tubing, apparently used for irrigation of the marijuana plants, buried between sections of the plant beds and leading to Risch's home.  Several paths also led from these marijuana plots to Risch's residence.  The officers testified that after arresting Risch and advising him of his Miranda rights, Risch admitted ownership of the marijuana plants, explaining that he was growing them to supplement his income.

The defense's case-in-chief included testimony from Risch, who testified that he did not own or grow the marijuana plants.  When asked why he had confessed to growing the marijuana during the post-arrest questioning, Risch testified that initially he told the officers that he did not grow the marijuana plants.  Risch explained that when the officers became angry with him, used

abusive language, and threatened to seize his parents' property, he admitted that he grew the marijuana. Risch's trial testimony included further explanations about his lack of involvement in or knowledge of the marijuana cultivation on his property. For example, he testified that at the time of his arrest he had moved out of his mobile home and was living with his girlfriend, Carol Davis, implying that another individual would have had an opportunity to plant and grow the marijuana on his property without his knowledge.

Carol Davis testified that Risch had been living with her in an apartment in St. Clair, Missouri at the time of his arrest. She testified that Risch would return to his mobile home only once a week to tend to his vegetable garden and to pick up some of his belongings. Davis testified that she had never seen marijuana plants, marijuana seeds, or marijuana cultivation materials at Risch's home or on his property.

**II.**

On appeal, Risch first argues that the District Court erred when it refused to give the jury his proposed theory-of-defense instruction. We review for abuse of discretion the District Court's refusal to give Risch's proposed instruction. United States v. House, 939 F.2d 659, 663 (8th Cir. 1991).

The defendant is entitled to an instruction on his theory of defense "if a timely request is made, the evidence supports the proffered instruction, and the instruction correctly states the law." United States v. Cheatham, 899 F.2d 747, 751 (8th Cir. 1990). The district court has broad discretion in formulating jury instructions, see United States v. Felici, 54 F.3d 504, 506 (8th Cir.), cert. denied, 116 S. Ct. 251 (1995), and the defendant "is not entitled to a particularly-worded instruction when the instructions actually given by the trial court adequately and

correctly cover the substance of the requested instruction," <u>United States v. Long</u>, 977 F.2d 1264, 1272 (8th Cir. 1992).  On appeal, we evaluate "the adequacy of instructions by reviewing them as a whole." <u>United States v. McQuarry</u>, 726 F.2d 401, 402 (8th Cir. 1984) (per curiam).

Risch submitted the following proposed jury instruction to the District Court:

> The defendant Adam Risch has pleaded "Not Guilty" to the charge contained in the indictment.  This plea of not guilty puts in issue the two (2) essential elements of the offense as described in these instructions and imposes on the government the burden to establish each of these elements by proof beyond a reasonable doubt.

> Defendant Adam Risch moreover contends that he is not guilty of the crime charged because he did not live at or near his trailer from May 13, 1993 to June 17, 1993 and he would not have had the opportunity to cultivate, plant, and tend to the plants.  During this time he was working for Jeffco Construction Company in Washington, Missouri, and living with his girlfriend, Carol Davis at 400 Apt A Walnut Grove Court, St. Clair, Missouri 63077.

> In addition the plant beds are more readily accessible to a path that connects with Old State Line Road than to Mr. Risch's home.

> The beds that were arguably connected to the electric cable contained galvanized metal studs similar to those found at Mr. Risch's home were not being used to cultivate marijuana plants and no such plants were growing in those beds.

> Person or persons unknown would have had ample opportunity and access to the planted area to enable them to plant, then and cultivate the plants recovered by Franklin County Sheriff's Office.

The District Court's charge to the jury in the present case fairly stated the applicable law.  Specifically, the court's instructions numbers 3 and 22 adequately and accurately covered the legal substance of paragraph one of Risch's proposed jury

instruction. In jury instruction number 3, the court instructed the jury on the government's burden of proof. In jury instruction number 22, the court properly instructed the jury on the elements of the crime of manufacturing marijuana.

The remainder of Risch's proposed jury instruction consists of an argumentative rendition of Risch's version of the facts. The District Court was under no obligation to give an instruction of this sort to the jury. See United States v. Lisko, 747 F.2d 1234, 1237-38 (8th Cir. 1984); Manual Of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 9.05 Commentary at 402 (1996). The instructions that were given provided Risch the opportunity fully to present his theory of defense to the jury in closing argument. Having reviewed the instructions as a whole, McQuarry, 726 F.2d at 402, we conclude that the District Court did not abuse its discretion by rejecting Risch's proposed instruction.

## III.

Risch next argues that the District Court incorrectly calculated his criminal history category by double-counting related offenses reported in his PSR. This argument is specious. While on its face the PSR reports two offenses that occurred on the same date with the same factual background, the PSR, as Risch must know, inaccurately reports that both convictions occurred on July 7, 1990, and arose out of the same facts. The state prosecution charging documents and subsequent court orders recording Risch's convictions reflect that these two prior convictions reference two separate incidents with two separate case numbers and separate sentencing dates. See State v. Risch, No. CR390-642M/668M (Cir. Ct. Franklin Co. Mo. Oct. 24, 1990) (recording conviction for one count of possession of controlled dangerous substance and one count of possession of paraphernalia with arrest date of July 30, 1989); State v. Risch, No. CR390-1052M (Cir. Ct. Franklin Co. Mo. Nov. 7, 1990) (recording convictions for driving while intoxicated, driving

while suspended, and loud and unnecessary noise with arrest date of July 7, 1990).  Therefore, because these two prior convictions were in fact separate offenses, the District Court did not err in assessing them as separate offenses when calculating Risch's criminal history category. Accordingly, we affirm the District Court's criminal history calculation, and instruct the District Court to direct the correction of the errors we have noted in the PSR.  See 28 U.S.C. § 2106 (1994).


**IV.**


Finally, Risch argues, and the government concedes, that Risch's case should be remanded to the District Court for consideration of whether his sentence should be reduced based on Amendment 516 to the Federal Sentencing Guidelines, which reduced the quantity of marijuana attributable for sentencing purposes to a plant of marijuana.

At his sentencing on July 6, 1995, the District Court determined that Risch was responsible for manufacturing a total of 150 marijuana plants. Applying a ratio of one kilogram per plant, as was then required by U.S.S.G. § 2D1.1(c)(6) (1994),[2] the PSR indicated that Risch should be held accountable for 150 kilograms of marijuana.  Risch's base offense level was computed to be

---

[2]The Sentencing Guideline in effect at the time of Risch's sentencing provided:

> [i]n the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana.  Provided, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.

U.S.S.G. § 2D1.1, Notes to Drug Quantity Table (1994).

twenty-six. Based upon a total offense level of twenty-six and a criminal history category of III, the guideline imprisonment range was seventy-eight to ninety-seven months. The court sentenced Risch to eighty-four months of imprisonment followed by three years of supervised release.

Effective November 1, 1995--almost four months after Risch was originally sentenced--§ 2D1.1(c) was amended by replacing the one-kilogram-per-plant ratio with an instruction to treat each plant "as equivalent to 100 G of marijuana." U.S.S.G. App. C. amend. 516 (effective Nov. 1, 1995); see U.S.S.G. § 2D1.1(c) Note (E) & comment. (backg'd.) (1995). The Sentencing Commission has expressly designated Amendment 516 as one that may be applied retroactively. U.S.S.G. § 1B1.10(c), p.s. (1995).

Under 18 U.S.C. § 3582(c)(2) (1994), a defendant sentenced to imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission may be entitled to a sentence reduction if the district court determines, after considering the factors set forth in 18 U.S.C. § 3553(a) (1994) (factors to be considering when imposing sentence), that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. See U.S.S.G. § 1B1.10(a), p.s.; see also United States v. Auman, 8 F.3d 1268, 1271-72 (8th Cir. 1993) (stating § 3582(c)(2) gives district court discretion to resentence a defendant under amendments that reduce a guideline sentence that Sentencing Commission has designated to apply retroactively). Because § 1B1.10 does not mandate retroactive application of Amendment 516, but instead gives the District Court the discretion to resentence under the lowered Guidelines range, we remand to permit the District Court to consider whether Risch's sentence should be reduced. See United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993).

**V.**

For the foregoing reasons, we affirm Risch's conviction and the calculation of his criminal history category. We remand to the District Court for consideration of whether Risch's sentence should be reduced in light of Amendment 516 to the Sentencing Guidelines.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.