_____

No. 96-1498MN
_____

United States of America,          *
                                   *
                Appellee,          *     Appeal from the United States
                                   *     District Court for the District
        v.                         *     of Minnesota.
                                   *
Arlen Dee Troutt, also known       *           [UNPUBLISHED]
as Junior,          *
                                   *
                Appellant.         *
                      _____

                  Submitted:  October 21, 1996

                  Filed:  October 30, 1996
                      _____

Before FAGG, HEANEY, and HANSEN, Circuit Judges.
                      _____


PER CURIAM.


     The Government charged Arlen Dee Troutt with conspiracy to distribute
marijuana for his part in a scheme to import the drug from Mexico, pass it
through Austin, Texas, and sell it in Minneapolis, Minnesota.  Most of
Troutt's coconspirators became Government witnesses and explained Troutt's
role.  In his defense, Troutt asserted he was in the legitimate business
of selling clothes and other items made from hemp fiber.  A jury convicted
Troutt.

     Troutt raises several issues on appeal.  None of them require
extended discussion.  First, the district court did not abuse its
discretion by admitting evidence of Troutt's 1989 conviction, and evidence
of the 1992 seizure of $50,000 in cash from Troutt's luggage at the
Minneapolis/St. Paul airport.  This evidence was introduced under Federal
Rule of Evidence 404(b) to prove Troutt's

intent, which he put at issue by disputing whether taped conversations between himself and a coconspirator were about marijuana or hemp clothing. See United States v. Perkins, 94 F.3d 429, 434-35 (8th Cir. 1996). As for evidence of Troutt's marijuana dealings from 1981 to 1988, we need not decide whether the evidence was too remote in time to be admitted; any error in admission was harmless in light of the strength of the evidence supporting Troutt's conviction of the charged conspiracy. Also, some of the evidence Troutt complains about is not Rule 404(b) evidence, but is evidence of the charged conspiracy itself. See United States v. Casas, 999 F.2d 1225, 1228-29 (8th Cir. 1993), cert. denied, 510 U.S. 1078 (1994). Second, the district court did not abuse its discretion when it excluded certain irrelevant evidence and unfounded argument about, among other things, supposed Government animus towards Troutt because he ran a hemp clothing business. United States v. Elliott, 89 F.3d 1360, 1367-69 (8th Cir. 1996). Contrary to Troutt's assertion, he had ample opportunity to present his defense. See United States v. Risch, 87 F.3d 240, 242 (8th Cir. 1996). Third, the district court did not abuse its discretion in refusing to give a "false in one, false in all" instruction about the Government informants. The instruction is not required when, as here, the district court gives the jury a general instruction on witness credibility. United States v. Payne, 940 F.2d 286, 292 (8th Cir.), cert. denied, 502 U.S. 994 (1991), and cert. denied, 503 U.S. 972 (1992). In addition, the evidence did not support the instruction because there was no proof that the Government informants lied. Risch, 87 F.3d at 242. Last, the district court properly admitted the hearsay statements of Troutt's coconspirators because independent physical evidence corroborated that the conspiracy existed and that the statements were made in the course of and in furtherance of the conspiracy. United States v. Bell, 651 F.2d 1255, 1259-60 (8th Cir. 1981); see also United States v. Williams, 87 F.3d 249, 253 (8th Cir. 1996). Given the coconspirators' eyewitness testimony and the corroborating evidence, the evidence supported Troutt's conviction for conspiring

to distribute marijuana.  <u>United States v. Shoffner</u>, 71 F.3d 1429, 1433-34 (8th Cir. 1995).

Having carefully considered Troutt's arguments, we affirm the district court.

A true copy.

Attest:

CLERK,   U.S.   COURT   OF   APPEALS,   EIGHTH   CIRCUIT.