99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Arlen Dee TROUTT, also known as Junior, Appellant.
 No. 96-1498.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 21, 1996.
Decided Oct. 30, 1996.
 
 Before FAGG, HEANEY, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Government charged Arlen Dee Troutt with conspiracy to distribute marijuana for his part in a scheme to import the drug from Mexico, pass it through Austin, Texas, and sell it in Minneapolis, Minnesota. Most of Troutt's coconspirators became Government witnesses and explained Troutt's role. In his defense, Troutt asserted he was in the legitimate business of selling clothes and other items made from hemp fiber. A jury convicted Troutt.
 
 
 2
 Troutt raises several issues on appeal. None of them require extended discussion. First, the district court did not abuse its discretion by admitting evidence of Troutt's 1989 conviction, and evidence of the 1992 seizure of $50,000 in cash from Troutt's luggage at the Minneapolis/St. Paul airport. This evidence was introduced under Federal Rule of Evidence 404(b) to prove Troutt's intent, which he put at issue by disputing whether taped conversations between himself and a coconspirator were about marijuana or hemp clothing. See United States v. Perkins, 94 F.3d 429, 434-35 (8th Cir.1996). As for evidence of Troutt's marijuana dealings from 1981 to 1988, we need not decide whether the evidence was too remote in time to be admitted; any error in admission was harmless in light of the strength of the evidence supporting Troutt's conviction of the charged conspiracy. Also, some of the evidence Troutt complains about is not Rule 404(b) evidence, but is evidence of the charged conspiracy itself. See United States v. Casas, 999 F.2d 1225, 1228-29 (8th Cir.1993), cert. denied, 510 U.S. 1078 (1994). Second, the district court did not abuse its discretion when it excluded certain irrelevant evidence and unfounded argument about, among other things, supposed Government animus towards Troutt because he ran a hemp clothing business. United States v. Elliott, 89 F.3d 1360, 1367-69 (8th Cir.1996). Contrary to Troutt's assertion, he had ample opportunity to present his defense. See United States v. Risch, 87 F.3d 240, 242 (8th Cir.1996). Third, the district court did not abuse its discretion in refusing to give a "false in one, false in all" instruction about the Government informants. The instruction is not required when, as here, the district court gives the jury a general instruction on witness credibility. United States v. Payne, 940 F.2d 286, 292 (8th Cir.), cert. denied, 502 U.S. 994 (1991), and cert. denied, 503 U.S. 972 (1992). In addition, the evidence did not support the instruction because there was no proof that the Government informants lied. Risch, 87 F.3d at 242. Last, the district court properly admitted the hearsay statements of Troutt's coconspirators because independent physical evidence corroborated that the conspiracy existed and that the statements were made in the course of and in furtherance of the conspiracy. United States v. Bell, 651 F.2d 1255, 1259-60 (8th Cir.1981); see also United States v. Williams, 87 F.3d 249, 253 (8th Cir.1996). Given the coconspirators' eyewitness testimony and the corroborating evidence, the evidence supported Troutt's conviction for conspiring to distribute marijuana. United States v. Shoffner, 71 F.3d 1429, 1433-34 (8th Cir.1995).
 
 
 3
 Having carefully considered Troutt's arguments, we affirm the district court.