United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-1886

_____

United States of America,      *
        *
      Appellee,      *
        *     Appeal from the United States
   v.          *     District Court for the
        *     Northern District of Iowa.
Eugene Myers,       *
        *      [UNPUBLISHED]
      Appellant.     *

_____

Submitted:  June 6, 1997
Filed:  July 16, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Eugene Myers appeals from the district court's[1] order denying his 18 U.S.C. § 3582(c)(2) motion to modify his sentence pursuant to a retroactive amendment to the Sentencing Guidelines.  We affirm.

Myers masterminded an extensive marijuana growing operation on his Iowa farm between fall 1991 and spring 1992, funded through wire transfers from Costa Rican accounts.  In December 1992, Myers was convicted by a jury of manufacturing

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

marijuana and conspiring to manufacture marijuana in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846; money laundering in violation of 18 U.S.C. § 1956(a)(2)(A); conspiring to commit interstate and foreign travel or transportation in facilitation of unlawful activities in violation of 18 U.S.C. §§ 1956, 1952, and 371; and criminal forfeiture. He was sentenced to concurrent imprisonment terms of 120 months on the grouped drug and money laundering counts and 60 months on the conspiracy count, concurrent supervised release terms of five and three years, and a $2,000 fine. On appeal, we affirmed Myers' conviction. See United States v. Myers, 21 F.3d 826, 827-28 (8th Cir. 1994), cert. denied, 513 U.S. 1086 (1995).

Effective November 1, 1995, section 2D1.1(c) of the Sentencing Guidelines was amended, changing the presumptive weight of marijuana plants--where fifty or more plants are involved--from one kilogram per plant to 100 grams per plant. See United States Sentencing Guidelines Manual App. C, Amend. 516 (Nov. 1995). Amendment 516 was made retroactive by section 1B1.10(c) of the Sentencing Guidelines. Myers moved to modify his sentence based on the amendment.

At a hearing held April 18, 1996, after reviewing the Guidelines range that would result from applying the amendment, the district court denied Myers' motion, citing a number of "close calls" decided in Myers's favor at the original sentencing, Myers' extensive involvement in the offenses, his obstructive behavior, and his lack of remorse.

Myers argues that absent a valid reason for departure, the district court was required to sentence within the Guidelines range yielded by applying Amendment 516 retroactively, which he asserts is 70 to 87 months. A district court's decision whether to apply Amendment 516 retroactively to reduce a sentence previously imposed, however, is discretionary. See United States v. Risch, 87 F.3d 240, 243 (8th Cir. 1996). The court is required only to "consider" the sentence it would have imposed had the amendment been in effect at the time of sentencing. See USSG § 1B1.10(b), (c), p.s. (Nov. 1995); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997)

(remanding for consideration of Amendment 516, but noting sentence not erroneous because it was based on Guidelines in effect at time of original sentence; "district court has the discretion to deny a section 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range"). We conclude the district court did not abuse its discretion in denying Myers' section 3582 motion, after such consideration. See United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997) (per curiam) (standard of review).

Myers also argues that the district court erred in failing specifically to consider the factors set forth in 18 U.S.C. § 3553(a) (setting forth seven factors court must consider in sentencing). We conclude the comments made by the district court at sentencing indicate it considered the section 3553(a) factors in denying Myers's section 3582 motion. See 18 U.S.C. § 3553(a); United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997) (no authority requires court to mechanically list § 3553(a) factors; must be evidence court considered relevant matters and stated some reason for its decision).

Because Myers' pro se brief does not add to the arguments advanced by counsel, we deny his motion to file a pro se supplemental brief. See United States v. Martin, 59 F.3d 767, 768 n.2 (8th Cir. 1995) (this court ordinarily does not accept pro se filings in counseled cases).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-