# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2120

_____

United States of America,         *
                           *

     Plaintiff - Appellee,     *
                           *

     v.                      *
                           *

Alan Dale Kvamme,        *
                           *

     Defendant - Appellant.   *

_____

No. 98-2353

_____

Appeals from the United States
District Court for the
District of North Dakota.

United States of America,         *
                           *

     Plaintiff - Appellee,     *     [UNPUBLISHED]
                           *

     v.                      *
                           *

Bradley Jon Jessen,       *
                           *

     Defendant - Appellant.   *

_____

Submitted:  November 17, 1998

Filed:  February 3, 1999

_____

Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Alan Dale Kvamme and Bradley Jon Jessen were convicted after a five-day jury trial of two counts of conspiracy to distribute and possess with intent to distribute methamphetamine and marijuana. Kvamme was sentenced to 151 months in prison. Jessen was sentenced to 135 months in prison. They appeal their convictions and Kvamme appeals his sentence. We affirm.

Kvamme and Jessen first argue that the district court[1] abused its discretion by refusing to give their requested "theory of defense" instruction as part of the court's preliminary or final instructions. The requested instruction reads essentially like portions of a defense attorney's opening statement -- that the government's evidence "has a perfectly innocent origin," that defense witnesses will explain how certain phone calls were unrelated to drug trafficking, and that Jessen denies ever using methamphetamine or distributing marijuana. The court did not abuse its discretion in declining to give this argumentative instruction. The instructions given provided Kvamme and Jessen full opportunity to present their theory of defense in closing argument. See United States v. Risch, 87 F.3d 240, 242 (8th Cir. 1996).

Kvamme and Jessen next argue the district court's preliminary instructions were faulty in instructing that, when a witness has been impeached by a prior inconsistent statement, "you may determine which is the truth, the present testimony or the earlier statement," when in fact the jury is free to reject both statements. Kvamme and Jessen made no contemporaneous objection to this instruction but argue the plain error standard of review should not apply because the court did not invite objections, and Fed. R. Crim. P. 30 requires that counsel have an opportunity to object to instructions out of the jury's presence. We disagree. Though the court did not hold a preliminary

---

[1]The HONORABLE PATRICK A. CONMY, United States District Judge for the District of North Dakota.

2–

instructions conference, Kvamme and Jessen fail to show they had no opportunity to bring this issue to the court's attention at the time the instruction was given. Thus, the plain error standard applies because "[t]he object of Rule 30 is to afford an adequate opportunity for the trial judge to correct mistakes in his charge and for the opposing party to keep the record clear of error." United States v. Parisien, 574 F.2d 974, 976 (8th Cir. 1978). On the merits, there was no plain error, as the instruction in question went on to advise the jury, "You may reject all the testimony of that witness or give it such weight and credibility [as] you think it deserves."

Kvamme and Jessen next argue the district court committed plain error in admitting the testimony of witnesses cooperating with the government. They rely for this contention on the now-reversed panel decision in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), rev'd, __ F.3d __ , 1999 WL 6469 (10th Cir. Jan. 8, 1999). We have consistently rejected this contention. See United States v. Garcia, 785 F.2d 214, 220-21 (8th Cir.), cert. denied sub nom., Barker v. United States, 475 U.S. 1143 (1986).

Kvamme argues the jury pool was "tainted" during voir dire because (i) the district court remarked that a member of his immediate family had been treated for drug and alcohol abuse (in the course of encouraging prospective jurors to answer questions candidly); (ii) one prospective juror who was later stricken said she had heard "[s]ome hint of a possible association of one or the other of the defendants with this type of activity"; and (iii) the court asked another prospective juror who worked with Kvamme's wife (and was later stricken) whether it would bother the juror to "find [Kvamme] guilty." We have examined the voir dire and conclude that these three portions did not prejudice Kvamme, either singly or in combination, and were neither plain error nor an abuse of the district court's broad discretion in conducting voir dire. See United States v. Van Chase, 137 F.3d 579, 582-83 (8th Cir. 1998).

Finally, Kvamme argues the district court committed two sentencing errors, namely, including twenty ounces of methamphetamine from a West Fargo transaction in Kvamme's drug quantity calculation, and enhancing his criminal history category for prior convictions that would not have been counted had they been tribal court convictions. The district court's finding linking the West Fargo transaction to Kvamme for sentencing purposes was not clearly erroneous. The Sentencing Guidelines expressly exclude tribal court convictions in determining a defendant's criminal history category. See U.S.S.G. § 4A1.2(i). There is a rational basis for distinguishing tribal court convictions from state and federal court convictions for these purposes, and therefore Kvamme's due process/equal protection challenge is without merit.

The judgments of the district court are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.