# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1033

_____

United States of America,                    *
                                             *
                    Appellee,                *
                                             *
        v.                                   *
                                             *
Pablo J. Carrillo,                           *
                                             *
                    Appellant.               *    Appeals from the United States
                                                  District Court for the Western
                                                  District of Missouri.
        _____

No. 00-1039                                       [UNPUBLISHED]

        _____

United States of America,                    *
                                             *
                    Appellee,                *
                                             *
        v.                                   *
                                             *
Rogelio Torres,                              *
                                             *
                    Appellant.               *

                        _____

        Submitted: September 12, 2000

            Filed:  September 19, 2000

                        _____

Before RICHARD S. ARNOLD, FAGG, and BYE, Circuit Judges.
_____

PER CURIAM.

A jury convicted Pablo J. Carrillo and Rogelio Torres (collectively the defendants) of conspiracy to possess with intent to distribute methamphetamine and of aiding and abetting the attempt to possess with the intent to distribute methamphetamine. The defendants appeal, and we affirm.

The defendants first contend the district court committed error in denying their motions to dismiss for violation of the Speedy Trial Act, 18 U.S.C. § 3161(c) (1994). We disagree. The Speedy Trial Act requires that criminal defendants be brought to trial within seventy days of the later of the filing date of the information or indictment or the defendant's first court appearance, see id., but excludes from the seventy-day computation certain periods of delay, see id. § 3161(h). Here, the Government moved for a continuance on the day the trial was to begin, and the district court granted the motion, holding both that an essential Government witness was unavailable due to health problems, see id. § 3161(h)(3) (Speedy Trial Act permits delay because of unavailable essential witness), and that the ends of justice were served by granting the continuance, see id. § 3161(h)(8)(A) (Speedy Trial Act allows delay if delay serves ends of justice). As the defendants correctly contend, the Speedy Trial Act requires the district court to state on the record the reasons why the ends of justice would be served by granting a continuance, see id., and the district court failed to do so in this case. There is, however, no similar requirement that the district court make such findings when granting a continuance due to the unavailability of an essential witness, see id. § 3161(h)(3) – the district court's alternate rationale for granting the Government's motion for continuance. See United States v. Hohn, 8 F.3d 1301, 1305 (8th Cir. 1993); United States v. Turner, 203 F.3d 1010, 1017 (7th Cir. 2000). Thus, the defendants' Speedy Trial Act claim fails.

Having carefully reviewed the record and the parties' briefs, we also reject as meritless the defendants' remaining contentions. First, the district court did not abuse its discretion in instructing the entire jury panel that there was no reason to be concerned for their safety after one juror asked the court clerk if he should have such concerns. See United States v. Wiley, 997 F.2d 378, 383-84 (8th Cir. 1993) (standard of review). Second, the district court did not abuse its discretion in refusing to submit to the jury the defendants' proposed credibility instruction – Eighth Circuit Model Jury Instruction No. 4.05A – because the instruction "'actually given by the [district] court adequately and correctly cover[ed] the substance of the requested instruction.'" United States v. Risch, 87 F.3d 240, 242 (8th Cir. 1996) (quoted case omitted); see United States v. Butler, 56 F.3d 941, 945 (8th Cir. 1995) ("Eighth Circuit Model Instructions are not an exhaustive list of mandatory instructions for district courts from which no deviation may occur, 'but are merely helpful suggestions'"). Third, there was more than ample evidence to support the defendants' convictions. See United States v. Cabrera, 116 F.3d 1243, 1244-45 (8th Cir. 1997) (elements of conspiracy charge); United States v. Matlock, 109 F.3d 1313, 1318 (8th Cir. 1997) (elements of aiding and abetting charge). Fourth, the district court did not abuse its discretion in sustaining the Government's relevancy objection during Carrillo's cross examination of DEA Special Agent McCue, both because the question to which the Government objected sought irrelevant information and because the question was not an attempt to impeach the agent. See United States v. Mulder, 147 F.3d 703, 707-08 (8th Cir. 1998). Finally, the district court did not abuse its discretion in denying Torres's motion to sever – Torres has not shown that he suffered real prejudice because his case was tried with his coconspirators or that the jury could not compartmentalize the evidence against each defendant. See United States v. Rodgers, 18 F.3d 1425, 1431-32 (8th Cir. 1994).

We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.