# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3918

_____

United States of America,　　　　　\*

　　　　　　　　　　　　　　　　\*

　　　　　　　Appellee,　　　　　　\*

　　　　　　　　　　　　　　　　\*　Appeal from the United States

　　　v.　　　　　　　　　　　　　\*　District Court for the Southern

　　　　　　　　　　　　　　　　\*　District of Iowa

Calvin Eugene Yakle,　　　　　　　\*

　　　　　　　　　　　　　　　　\*　　　[UNPUBLISHED]

　　　　　　　Appellant.　　　　　　\*

_____

Submitted:　December 27, 2000

Filed:　January 11, 2001

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Calvin Eugene Yakle appeals from the final judgment entered in the District Court for the Southern District of Iowa upon a jury verdict finding him guilty of conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 846. The district court sentenced Yakle to 262 months imprisonment and five years supervised release. Counsel has moved to withdraw on appeal pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issues whether there was sufficient evidence to find Yakle guilty, whether it was error for the district court to refuse to give Yakle's requested jury instructions, and whether it was error for a different judge to

preside at sentencing. In a pro se supplemental brief, Yakle argues that the district court erred in sentencing him as a career offender and that his sentence violates the rule of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). For the reasons discussed below, we affirm Yakle's conviction, but we vacate his sentence and remand for resentencing.

In reviewing the sufficiency of the evidence underlying Yakle's conviction, we view the evidence most favorably to the government and accept all reasonable inferences supporting the verdict. Reversal is warranted only if no reasonable jury could have found Yakle guilty beyond a reasonable doubt on each essential element of the offense. See United States v. Robinson, 217 F.3d 560, 564 (8th Cir.), cert. denied, 121 S. Ct. 497 (2000). We conclude that the government presented sufficient evidence to prove Yakle was an active and knowing participant in a methamphetamine- and cocaine-trafficking conspiracy. The jury could have concluded from the government's evidence that Yakle obtained methamphetamine and cocaine from multiple sources; that he worked with others (including one person who obtained drugs for him from her sources) in selling methamphetamine and cocaine; and that one of his customers introduced him to two new buyers. See United States v. Chavez, 230 F.3d 1089, 1090-91 (8th Cir. 2000) (conspiracy shown where witnesses testified defendant (1) sold, distributed, and possessed methamphetamine, (2) arranged for its delivery, (3) had money collection system, and (4) associated and conducted business with other known drug dealers); Robinson, 217 F.3d at 564 (conspiracy may be proved through circumstantial evidence).

We also conclude the district court did not abuse its discretion in rejecting Yakle's proposed jury instructions. See United States v. Risch, 87 F.3d 240, 242 (8th Cir. 1996) (standard of review). We agree with the district court that Yakle's "mere buyer-seller" instructions were inappropriate, because the evidence showed he had sold and bought drugs on numerous occasions; and that the "mere knowledge of a conspiracy" instruction was not warranted, because the evidence showed he had actively participated in selling drugs with others. See United States v. Wiggins, 104

F.3d 174, 176-77 (8th Cir. 1997) (mere buyer-seller instruction not appropriate when there is evidence of multiple drug transactions); cf. United States v. Akers, 987 F.2d 507, 513 (8th Cir. 1993) ("mere presence" instruction inappropriate where evidence showed defendant was major participant in conspiracy). We also find the district court's credibility instruction adequately covered the substance of Yakle's proposed instruction. See Risch, 87 F.3d at 242 (defendant not entitled to particularly worded instruction).

Turning to Yakle's sentence, we reject Yakle's pro se argument--which we review only for plain error because he failed to raise it below--that the district court erred in relying on his prior convictions for burglary of a pawn shop and aggravated-domestic-abuse assault as predicate offenses underlying his career offender status. See Fed. R. Crim. P. 52(b); U.S.S.G. § 4B1.1. Contrary to Yakle's contentions, his pawn-shop burglary qualifies as a crime of violence under the Guidelines. See U.S.S.G. § 4B1.2(a) (crime of violence includes any offense under state law punishable by imprisonment for term exceeding one year that "is burglary of a dwelling . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another"); United States v. Stevens, 149 F.3d 747, 749 (8th Cir.) (burglary of non-residential property qualifies as crime of violence), cert. denied, 525 U.S. 1009 (1998). His assault conviction (for which he received two years imprisonment), while classified as an aggravated misdemeanor under state law, qualifies as a felony under the Guidelines. See U.S.S.G. § 4B1.2, comment. (n.1) (prior felony conviction is prior adult federal or state conviction for offense punishable by imprisonment for term exceeding one year, regardless whether offense is specifically designated as felony and regardless of actual sentence imposed).

However, we conclude the district court plainly erred by enhancing Yakle's sentence based on its own drug quantity finding when the quantity of drugs used to enhance the sentence was not alleged in the indictment and was not determined by the jury beyond a reasonable doubt as required by Apprendi, 120 S. Ct. at 2362-63 (other

than fact of prior conviction, any fact that increases penalty for crime beyond statutory maximum must be submitted to jury and proved beyond reasonable doubt).  See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (plain error defined). Although Yakle's offense level was based on his career offender status, a career offender's offense level is determined by reference to the relevant statutory maximum, which in turn is based on drug quantity.   Here, the drug quantity --2,245.32 kilograms of marijuana equivalency--subjected Yakle to a statutory maximum of life imprisonment and a corresponding offense level of 37 under the Career Offender Guideline.  See 21 U.S.C. § 841(b)(1)(A)(vii); U.S.S.G. § 4B1.1(A). The district court sentenced Yakle to 22 months more than the statutory maximum available for a methamphetamine- and cocaine-conspiracy offense in its simple form, i.e., without regard to drug quantity.  See 21 U.S.C. §§ 841(b)(1)(C), 846.  We therefore conclude Yakle's sentence violates the rule of Apprendi, which is clear under current law.  See United States v. Rogers, 228 F.3d 1318, 1327 (11th Cir. 2000) (Apprendi rule is violated if defendant receives greater sentence than statutory maximum based upon quantity of drugs if such quantity is determined by sentencing judge rather than jury); United States v. Sheppard, 219 F.3d 766, 768 (8th Cir. 2000) (applying Apprendi to direct appeal, even when sentencing occurred prior to Apprendi).


We further conclude this sentencing error affected Yakle's substantial rights, as well as the fairness of his sentencing.  See United States v. Kroeger, 229 F.3d 700, 702 (8th Cir. 2000) (defendant's substantial rights were affected when district court's error resulted in his sentence exceeding maximum Guidelines sentence by 30 months); United States v. Nordby, 225 F.3d 1053, 1061 (9th Cir. 2000) (fairness is undermined when court's Apprendi error imposes longer sentence than might have been imposed had court not plainly erred); United States v. Comstock, 154 F.3d 845, 850 (8th Cir. 1998) (17-month sentencing error affected defendant's substantial rights and fairness of sentencing proceedings).

Accordingly, we affirm Yakle's conviction, but vacate his sentence and remand for resentencing not inconsistent with this opinion. We thus need not address counsel's argument that it was error for a different judge to preside at sentencing.

We also deny counsel's motion to withdraw, as well as Yakle's motion to stay this direct appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.