# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2074

_____

United States of America,      *
                         *

       Appellee,      *

                         *   Appeal from the United States

v.                     *   District Court for the

                         *   Southern District of Iowa.

Calvin Eugene Yakle,      *

                         *         [PUBLISHED]

       Appellant.      *

_____

Submitted:  January 9, 2006.
Filed:  September 15, 2006

_____

Before WOLLMAN, JOHN R.GIBSON, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Calvin Yakle was convicted six years ago of conspiring to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846. No drug quantity was laid in the indictment and the jury made no finding with respect to the quantity. At his sentencing hearing, Mr. Yakle objected to the amount of drugs that the presentence investigation report (PSR) attributed to him, but the district court found that the trial record supported the PSR's conclusion and sentenced Mr. Yakle to 262 months' imprisonment based on the amount recited in the PSR. On appeal, we affirmed Mr. Yakle's conviction but remanded his case for resentencing because the district court's drug-quantity finding had violated *Apprendi v. New Jersey*, 530 U.S. 466

(2000). *See United States v. Yakle*, No. 99-3918, 1 Fed. Appdx. 586, 588-89 (8th Cir. Jan. 11, 2001) (unpublished per curiam). On remand, the district court sentenced Mr. Yakle to 210 months' imprisonment based on the jury's finding that Mr. Yakle's conspiracy involved some undetermined amount of drugs.

Three and a half years later, Mr. Yakle filed a motion under Fed. R. Crim. P. 36 to correct what he terms a clerical error. Mr. Yakle did not complain about his sentence. His complaint was that the court had not complied with the rule then in effect that required a court to append a copy of its findings on any controverted matter in a PSR to any copy of that report made available to the Bureau of Prisons (BOP). Fed. R. Crim. P. 32(c)(1) (2001); *cf.* Fed. R. Crim. P. 32(i)(3)(C). Mr. Yakle claimed that his 210-month sentence was not based on any particular drug quantity and that therefore the district court should have appended a memorandum to his PSR to that effect. He says that the BOP uses drug amounts involved in convictions to classify prisoners and that the recitations in the PSR affect the conditions of his incarceration in other ways. *Cf. United States v. Brown*, 715 F.2d 387, 389 n.2 (8th Cir. 1983). The district court[1] denied Mr. Yakle's motion.

In the first place, the district court never made an explicit finding on the record that it was not sentencing Mr. Yakle based on the amount of drugs contained in the PSR. It simply made that assumption *sub silentio* after our remand based on *Apprendi*. There were therefore no findings to append to the copy of the PSR sent to the BOP. Even if there had been such findings, we do not think that a failure to append them to the report could be classified as a clerical error. Rule 32(c)(1) directed a sentencing court to do something, and a failure to follow the rule is a legal error, not a clerical one. That is why a violation of the rule is cognizable in a petition for relief under 28 U.S.C. § 2255. *See Poor Thunder v. United States*, 810 F.2d 817

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

(8th Cir. 1987). This case is unlike cases in which commitment papers contain an erroneous recital of the sentence that a court imposed. *See*, *e.g.*, *Kennedy v. Reid*, 249 F.2d 492, 495-96 (D.C. Cir. 1957). We note that the BOP may take notice that the district court sentenced Mr. Yakle based on some undetermined amount of drugs, and not on the amount of drugs rehearsed in the PSR. That is what we directed the district court to do on remand. Perhaps, too, the BOP has internal grievance procedures that Mr. Yakle can pursue. But there is no mere scrivener's mistake here, and so we cannot afford Mr. Yakle relief under Rule 36.

Affirmed.

_____