**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2009
Decided May 22, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2829

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 07-CR-181-007 |
| BERNELL L. MARSHALL, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Bernell Marshall pleaded guilty to conspiring to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 88 months' imprisonment. Marshall appealed, but his appointed attorneys have moved to withdraw because they are unable discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Marshall has not responded to our invitation to comment on counsel's motion, *see* CIR. R. 51(b), and we accordingly confine our review to the issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel inform us that Marshall does not wish to challenge his guilty plea, and therefore counsel appropriately omit any evaluation of Marshall's plea colloquy, *see* FED. R. CRIM. P. 11(b), or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

All that's left for counsel to evaluate are potential challenges to Marshall's prison sentence. Counsel first consider whether Marshall could challenge the district court's finding that the conspiracy involved between five and fifteen kilograms of cocaine. Counsel appropriately reject this potential argument as frivolous because Marshall expressly withdrew his objection to this calculation and thus waived the argument. *See United States v. Sensmeier*, 361 F.3d 982, 986-87 (7th Cir. 2004); *United States v. Cunningham*, 405 F.3d 497, 502 (7th Cir. 2005). Counsel next mention that the district court failed to make factual findings regarding Marshall's objection to allegations in the presentence report that he served as an "enforcer" for the head of the conspiracy and on at least one occasion assaulted a customer to collect a drug debt. But, as counsel point out, the court did not rely upon these allegations and so the error was limited to a violation of Federal Rule of Criminal Procedure 32(i)(3)(B), which requires a sentencing court to explicitly state on the record when it had determined that a ruling on disputed information in a presentence report is not necessary because the information will have no effect on the defendant's sentence. *See, e.g., United States v. Cunningham*, 429 F.3d 673, 678-79 (7th Cir. 2005). That error, as far as this record shows, was harmless, *see Untied States v. Clanton*, 538 F.3d 652, 656-57 (7th Cir. 2008); *United States v. Slaughter*, 900 F.2d 1119, 1123 (7th Cir. 1990), and if necessary can be rectified through administrative determination by the Bureau of Prisons or by a petition for habeas corpus under 28 U.S.C. § 2241. *See United States v. Saeteurn*, 504 F.3d 1175, 1180-81 (9th Cir. 2007); *United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006); *United States v. Engs*, 884 F.2d 894, 897 (5th Cir. 1989).

Finally, counsel analyze the reasonableness of Marshall's prison sentence. With a minor-role reduction, *see* U.S.S.G. § 3B1.2, and credit for acceptance of responsibility, *id.* § 3E1.1, Marshall's total offense level of 26, combined with his criminal history category of IV, yielded a guidelines imprisonment range of 92 to 112 months. The court evaluated the factors set forth in 18 U.S.C. § 3553(a) and explained that Marshall's steps to change his life, including enrolling in school, getting a job, and refraining from using drugs, warranted a sentence below the range but, given the seriousness of his drug offense, not as low as the 72 months Marshall suggested. The court instead settled upon a term of 88 months, still below the suggested range. We have never found a below-range sentence to be unreasonably high, *see, e.g., United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008), and counsel are unable to identify any reason why this case might be different.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.