# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1714

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Charles Gordon Long, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 29, 2011
Filed: October 4, 2011

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Invoking Federal Rule of Criminal Procedure 36 and the inherent authority of the federal district courts, federal inmate Charles Long moved--some three years after he was sentenced for bank robbery upon his guilty plea--for modification or return of his abridged pre-plea presentence report (PSR). Long argued that the document was not really a PSR, and that it contained inaccurate and scandalous information which was being used against him in federal prison. The district court[1] denied the motion, and he appeals. After careful review, and for the reasons explained by the district

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

court, we agree with the court that the document at issue is a PSR within the meaning of Federal Rule of Criminal Procedure 32, and was therefore properly disclosed to the Federal Bureau of Prisons; that Long should have addressed any inaccuracies in the PSR pursuant to Rule 32 at or before sentencing; and that he cannot now use Rule 36 to obtain the relief sought, which involves far more than correction of a clerical error. <u>See</u> <u>United States v. Yakle</u>, 463 F.3d 810, 811 (8th Cir. 2006) (per curiam). Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B. We also deny his pending motion to supplement the record.

_____