# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-3105

———————

United States of America,

       Appellee,

  v.

Curtis James Jones,

       Appellant.

\* Appeal from the United States
\* District Court for the
\* District of Minnesota.

———————

Submitted: February 12, 1997

Filed: April 1, 1997

———————

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

———————

MAGILL, Circuit Judge.

Curtis James Jones appeals his jury conviction of attempting to distribute approximately 108.6 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a), 846 (1994). On appeal, Jones challenges the sufficiency of the evidence for his conviction and claims that the district court[1] abused its discretion by admitting evidence of other drug crimes committed by Jones in 1995. We affirm.

———————

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Jones's arrest was the result of a police sting operation set up with the help of another arrestee, Gregory Hopkins. Hopkins had been arrested on January 15, 1996, after attempting to sell six ounces of crack cocaine to an undercover police officer. A few days later, on January 20, 1996, while cooperating with the police, Hopkins promised to arrange a drug transaction with a person known as "Too Tall," who was later identified as Jones. Hopkins claimed, and later testified in court, that during 1995 he had purchased from Jones between two and five ounces of crack cocaine on each of fifteen to twenty separate occasions.

That same day, Hopkins contacted Jones and arranged to buy four ounces of crack cocaine for $1200 an ounce. Later that afternoon, Hopkins paged Jones, and left his home phone number. Not long thereafter, Jones returned Hopkins's call. Hopkins just said, "I'm ready," to which Jones replied, "Here I come."

The police gave Hopkins $4000 in "show money." The police wired Hopkins and arranged a verbal as well as a visual signal for the police to arrest Jones: when Hopkins had completed the transaction, he was to say that the rest of the money was in his shoe and then lower his jacket hood.

Jones arrived at the arranged meeting place in his car. Hopkins joined Jones in Jones's car. During the transaction, the wire failed, so the police arrested Jones only after seeing the prearranged visual signal.

At the time of the arrest, there were two capsules containing crack cocaine and $4000 in cash between the driver's seat occupied

by Jones and the passenger's seat occupied by Hopkins. The pager taken from Jones had Hopkins's phone number recorded three times in the pager's memory.

Hopkins testified at Jones's trial that he had bought crack cocaine from Jones in the car. The $4000 in cash and the two capsules of crack cocaine were introduced into evidence as well. Also introduced at trial was evidence seized in August 1995, approximately five months before the January 1996 arrest of Jones, pursuant to a search warrant authorizing the search of Jones's residence. Executed while Jones was present, the results of that search included $10,433 in cash, a portable O'haus scale, and approximately 13.5 grams of crack cocaine concealed inside the underwear Jones was wearing.

## II.

When reviewing a challenge to the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and make all reasonable inferences from the evidence that support the verdict. See United States v. Melina, 101 F.3d 567, 573 (8th Cir. 1996). We will uphold the verdict if "there is an interpretation of the evidence that would allow a reasonable jury to conclude guilt beyond a reasonable doubt." United States v. Uder, 98 F.3d 1039, 1045 (8th Cir. 1996). Finally, "[d]ecisions regarding the credibility of witnesses are to be resolved in favor of the jury's verdict." Id.

Jones's sole challenge to the sufficiency of the evidence is that Hopkins was not a credible witness because he was an admitted crack cocaine dealer and gang member and because he had an incentive to lie so that he could reduce his sentence. Because it

properly falls to the jury to determine witness credibility, see id., Jones's argument is not convincing. Furthermore, we have already outlined other evidence besides Hopkins's testimony that supports Jones's conviction. Thus, viewed in the light most favorable to the guilty verdict, the evidence presented at trial established that Jones is guilty of attempting to distribute 108.6 grams of crack cocaine.

### III.

Jones argues that the district court abused its discretion when it admitted evidence of his prior criminal wrongdoing, including (1) Hopkins's testimony of his prior illicit dealings with Jones and (2) testimony regarding the August 1995 search warrant.

The decision whether to admit evidence at trial lies within the sound discretion of the district court, and we will not reverse absent a showing of abuse of discretion. See United States v. Delpit, 94 F.3d 1134, 1146 (8th Cir. 1996). Evidence of other crimes and wrongdoings besides those for which a defendant is being tried may be admitted at trial to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). This Court has held that such evidence is admissible when a defendant places his state of mind and intent at issue. See United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995).

At trial, Jones specifically put his knowledge and intent at issue. See Trial Tr. at 234. Because Jones put his knowledge and intent at issue, the trial court did not abuse its discretion by

admitting Hopkins's testimony about his prior dealings with Jones and the testimony about the August 1995 search warrant.

Jones further argues that Hopkins's testimony was not proven by a preponderance of the evidence, a prerequisite for testimony of prior wrongdoing to be admitted under Rule 404(b).  See <u>United States v. Shoffner</u>, 71 F.3d 1429, 1432 (8th Cir. 1995).  This challenge is merely a recycling of Jones's challenge to Hopkins's credibility as a witness, which we have already discussed and rejected.

**IV.**

For the foregoing reasons, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.