# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1170

_____

United States of America,    *
                             *
        Appellee,            *
                             * Appeal   from   the   United
States                       *
    v.                       * District Court for the
                             * Eastern    District    of
Missouri.                    *
Kenneth D. Sills,            *
                             *
        Appellant.           *

_____

Submitted:  June 10, 1997

Filed:  August 14, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior
Circuit Judge, and
    WOLLMAN, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.

    Kenneth Sills appeals from a judgment entered in the
district court[1] upon a jury

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern
District of Missouri.

verdict finding him guilty of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. We affirm.

**Background**

On March 30, 1995, St. Louis, Missouri police officer Dan Dell received a telephone call from an informant, who had provided reliable information in the past. The informant told Dell that Sills had been involved in a gang-related shooting and, because Sills was fearing reprisals, had a sawed-off shotgun in his car. The informant described the car as a brown Cadillac and gave Dell the license plate number of the car. On the same day, Dell and officers Moore and Deeba went to Sills' home. After Sills came to the door, the officers told him that they had heard he was fearing reprisals following a gang-related shooting and asked whether they could help. Sills became irate, telling the officers, "I'll handle it my own way." After Sills went back into the house, the officers drove to the alley behind the house and saw the brown Cadillac. About forty-five minutes later, while patrolling the neighborhood, the officers saw Sills driving the Cadillac. The officers stopped the car and asked Sills, who was alone, to get out of the car. Sills refused and displayed a belligerent attitude. The officers then drew their guns and Sills got out of the car. Dell searched the interior of the car and found a sawed-off shotgun under the

driver's seat.  Moore also searched the car and found some drugs.  The officers arrested Sills and informed him of his constitutional rights.  While he was in the police car, Sills told the officers to keep the drugs and the gun and let him go because he did not want another gun charge.

At trial, in addition to the testimony of Dell and Moore, the government presented testimony relating to gangs.  Sergeant Michael Lauer, who had been assigned

to the police department's "gang unit," testified that in a 1992 interview Sills stated he was a member of the 19th Street Long Beach Crips gang. Detective Robert Ogilvie, who was also with the gang unit, testified, among other things, that graffiti on the shotgun seized from the Cadillac indicated animosity towards several rival gangs of the Long Beach Crips. In addition, Frank Stubits, a police department firearms examiner, testified that shotguns were sawed off to achieve "concealability and compactness." He also stated that because he had not been requested to test for fingerprints on the seized shotgun, he had not done so, which was in accordance with standard practice.

On Sills' behalf, Cortez Clark disputed the officers' testimony. Clark testified that he was with Sills when the officers stopped them and arrested Sills. Clark further testified that the officers had not searched the car and, because the driver's seat was low to the floor, a shotgun could not have fit under the seat. In addition, a private investigator, who had examined and taken photographs of the Cadillac which were admitted into evidence, testified that there was only an inch between the driver's seat and the floor.

**Issues**

On appeal, Sills first argues that the district court erred in denying his motion to suppress. The court did not err. Based on the details supplied by the reliable

informant, the officers' corroboration of many of the details, and Sills' responses to the officers at his house and in the car, the district court correctly held that the officers had a reasonable suspicion to stop the car. See, e.g., United States v. Hughes, 15 F.3d 798, 801-02 (8th Cir. 1994) (stop justified where officers found car described by informant parked in front of the address given by informant and defendant appeared

nervous when officers followed him in the car). "Once engaged in a lawful investigatory stop, the officers were entitled to conduct a protective search of the surrounding area [including the interior of the car] for weapons, given [their] reasonable belief that [Sills] posed a danger."  United States v. Cox, 942 F.2d 1282, 1285 (8th Cir. 1991), cert. denied, 503 U.S. 921 (1992).

Sills also argues that the district court erred in allowing  testimony concerning gang-related activities under Fed. R. Evid. 404(b), which provides that evidence of "other crimes, wrongs, or acts" is inadmissible "to prove the character of a person in order to show action in conformance therewith" but is admissible to prove, among other things, "motive, opportunity, intent, preparation, plan, [and] knowledge."  Specifically, "[t]o be admissible as Rule 404(b) evidence, the evidence must be: '(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged.' "  United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995) (quoting United States v. Jones, 990 F.2d 1047, 1050 (8th Cir. 1993), cert. denied, 510 U.S. 1048 (1994)).

Sills first argues that the evidence was not relevant to any issue at trial.  We disagree.  We have held that Rule 404(b) "evidence is admissible when a defendant places his state of  mind and intent at issue."  United

States v. Jones, 110 F.3d 34, 36 (8th Cir. 1997).  In this case, Sills "specifically put his knowledge and intent at issue."  Id.  Not only did he deny knowing that the shotgun was in his car, he denied that the shotgun was in his car.  In addition, as the government argues, the evidence would have been relevant to establish motive and opportunity.  See United States v. Jobson, 102

F.3d 214, 221 (6th Cir. 1996) ("defendant's gang membership would be admissible to establish his opportunity to commit the crime"). Moreover, we note that without Ogilvie's testimony concerning the markings on the shotgun, "the jury probably could not have understood the meaning of the graffiti." United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir. 1991), cert. denied, 504 U.S. 927 (1992) ; see also United States v. Williams, 81 F.3d 1434, 1441 (7th Cir. 1996) (upholding admission of evidence relating to meaning of gang's code).

Also without merit is Sills' argument that Lauer's testimony concerning his gang membership in 1992 was too remote in time. We have observed that " 'there is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent.' " Shoffner, 71 F.3d at 1432 (quoting United States v. Burkett, 821 F.2d 1306, 1310 (8th Cir. 1987)). Rather, "[t]o determine if evidence is too remote, 'the court applies a reasonableness standard and examines the facts and circumstances of each case.' '' Id. at 1432-33 (quoting United States v. Engelman, 648 F.2d 473, 479 (8th Cir. 1981)). Given the facts of this case, including testimony that gang membership is for life, "a lapse of [three] years is not so remote as to render the . . . evidence inadmissible." Id. at 1433.

We also reject Sills' argument that the district

court erred in admitting the gang-related evidence because its probative value was outweighed by its prejudicial effect. "In this context, 'unfair prejudice . . . means an undue tendency to suggest decision on an improper basis.' " <u>United States v. Johnson</u>, 28 F.3d 1487, 1497 (8th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1098 (1995) (quoting Fed. R. Evid. 403, Adv. Comm. Note). Although a defendant may not be "convicted of a [] crime through his association with"

a gang, "[s]pecific and circumscribed evidence of gang association may be necessary in a trial to show 'the nature and extent of [the defendant's] association, which in turn bears'" on his guilt of the crime charged. Id. (quoting Sparks, 949 F.2d at 1026). Although the government's evidence "linked [Sills] with gangs, it fell far short of establishing that [he] w[as] guilty . . . by association." Id. Moreover, the district court instructed the jury to consider the gang-related evidence only as to whether Sills "knowingly possessed a sawed-off shotgun."

Sills also argues that the district court erred in denying his motion for a mistrial. On cross-examination, the government asked Sills' mother, Vesteria Withers, whether the shotgun had any markings on it referring to "Crips killer." The mother responded that "I can't read it. I don't know how to read it." Sills moved for mistrial, contending that the question violated the spirit of the district court's pretrial ruling prohibiting the government's witnesses from referring to facts "from which the jury might conclude that [Sills] is a killer." Although, as the government argues, the question did not technically violate the court's ruling, we agree with Sills and the district court that the question violated the spirit of the ruling. Indeed, the court admonished the government's counsel, stating: "I want to make it very clear that there's not to be any further reference made to this witness or anyone else

unless the court is first advised about Crips killers."
However, even if the reference violated the pretrial
order, the court did not abuse its discretion in denying
the motion for a mistrial.  "We will affirm a district
court's decision not to grant a mistrial absent an 'abuse
of discretion resulting in clear prejudice.' ''   United
States v. Rhodenizer, 106 F.3d 222, 225 (8th Cir. 1997)
(quoting United States v. Koskela, 86 F.3d 122, 125 (8th
Cir. 1996)).  Here, there was no abuse of discretion.
Withers did not directly answer the question, and
considering the

evidence of Sills' guilt the reference to "Crips killer" did "not taint[] [the] trial to such an extent as to require a mistrial."  United States v. Byler, 98 F.3d 391, 394 (8th Cir. 1996).

We have reviewed Sills' other arguments and have found them without merit.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT