**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 98-4101

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota |
| Patrick Kevin Ryan, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 15, 1999
Filed: July 29, 1999

_____

Before HANSEN, MAGILL, Circuit Judges, and JONES[1], District Judge.

_____

PER CURIAM.

Patrick Kevin Ryan was convicted by a jury of conspiracy to possess, with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and with aiding and abetting Alan Stangler in unlawful possession, with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C.

_____

[1]The Honorable John B. Jones, United States District Judge, United States District Court for the District of South Dakota, sitting by designation.

§ 2. The district court[2] sentenced Ryan to 121 months' imprisonment and five years' supervised release. Ryan challenges his convictions based upon sufficiency of the evidence and the admission, pursuant to Federal Rule of Evidence 404(b), of Ryan's prior drug arrest and search of his residence in 1995. We affirm.

The evidence at trial demonstrated that Ryan's fingerprints were located on bubble wrap and the sticky portion of duct tape inside two packages containing approximately 224 grams of crystal methamphetamine mailed from a false address in North Hollywood, California to Stangler in Minneapolis, Minnesota. Ryan lived in Minneapolis until approximately three years before the indictment in this case was issued. He lived in North Hollywood at the time the packages were mailed to Minneapolis. At trial, Stangler, a co-conspirator charged under the same indictment as Ryan, testified Ryan had been supplying methamphetamine to Stangler on a weekly basis since July 1997. Ryan challenges Stangler's credibility as a witness, primarily because Stangler entered into a plea agreement with the government and thereby received a significantly reduced sentence.

In reviewing a sufficiency of the evidence claim, we view the evidence in the light most favorable to the verdict and give the government the benefit of all reasonable inferences. See United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998). We will reverse a conviction for insufficient evidence "only if a reasonable jury must have had a reasonable doubt that the elements of the crime were established." Id. (internal quotation marks and citations omitted). As to Stangler's credibility, "[i]t is well established that 'it is the sole province of the jury to weigh the credibility of a witness.'" United States v. Maggard, 156 F.3d 843, 847 (8th Cir. 1998), cert. denied, ___ U.S. ___, 119 S.Ct. 1094, 1372 (1999) (quoting United States v. Wright, 119 F.3d 630, 634 (8th Cir. 1997)). "The jury's choice to credit the testimony of [the witnesses

---

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

testifying against Ryan is] within its province, and we will uphold the conviction if substantial evidence supports it." Id. (citation omitted). In this case, there was substantial evidence to support Ryan's convictions, including the fingerprint evidence and Stangler's testimony discussed above and several UPS receipts from packages shipped between Stangler and Ryan as well as telephone records showing several phone calls between the two of them. This evidence was clearly sufficient to support Ryan's convictions.

Ryan contends the district court erred in admitting evidence of the fruits of a 1995 search of Ryan's home in Minneapolis. The police seized one ounce of crystal methamphetamine, approximately $8,000 in currency, a scale commonly used to weigh narcotics, suspected drug notes, Federal Express envelopes and a digital scale for mailing UPS, Federal Express and U.S. Mail packages and envelopes. Ryan was arrested following the execution of this search warrant, but was not convicted of a crime in relation to the 1995 search.

A district court's decision to admit evidence under Rule 404(b) is reviewed for abuse of discretion. United States v. Sumner, 119 F.3d 658, 660 (8th Cir. 1997). Evidence of prior bad acts is not admissible under Rule 404(b) "solely to prove the defendant's criminal disposition," United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995), but is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). "A district court has 'broad discretion' when deciding whether to admit evidence of other crimes or bad acts." Shoffner, 71 F.3d at 1432 (citation omitted).

The challenged evidence was properly admitted under Rule 404(b) for the purposes of establishing Ryan's knowledge, intent, plan and absence of mistake. At trial Ryan argued that he had no knowledge a crime was being committed, that Ryan's correspondence with Stangler concerned legitimate business transactions between Stangler and Ryan, and that Stangler framed Ryan. The district court was careful to

give a limiting instruction instructing the jury as to the proper use of the challenged evidence, and the district court did not abuse its broad discretion in admitting the challenged evidence pursuant to Rule 404(b).  See Id. at 1433.

The judgment is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.