# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2657

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Northern |
| Larry Jackson, Jr., | * | District of Iowa. |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 11, 2000
Filed:   February 18, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Larry Jackson was convicted by a jury of conspiracy to distribute crack cocaine and marijuana and of distributing crack cocaine and marijuana in violation of 21 U.S.C. §§ 841 and 846 and was sentenced by the district court[1] to 324 months imprisonment. He now appeals from the judgment on the basis of insufficiency of the evidence, improper admission of certain evidence, failure to grant his motions for a continuance and for a new trial, and ineffective assistance of counsel.

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

The evidence at trial indicated that Jackson had sold drugs in and around Dubuque, Iowa since 1993. Witnesses testified that Jackson regularly traveled to Indiana and Wisconsin to purchase large quantities of cocaine and marijuana to take back to his apartment in Dubuque, Iowa, and that he weighed, cut, and repackaged the drugs for sale. Jackson sold drugs to drug users and to other dealers, drawing a substantial number of people into the conspiracy over the years. The government introduced evidence that Jackson met with other Iowa dealers to negotiate the areas in which each could sell drugs and that he was in business with at least nine other co-conspirators in Iowa, including Leon Durrah. A search of his apartment in Dubuque turned up marijuana, pagers, a handgun, large sums of currency, and an electronic scale. After he was charged with the offenses in this case, police stopped a vehicle near Milwaukee, Wisconsin in which he and Leon Durrah were passengers; two pounds of marijuana were found in the trunk.

After trial Jackson moved for a judgment of acquittal on the basis of insufficient evidence and for a new trial on the basis that the court should have granted a continuance and excluded evidence of the Wisconsin stop. The court denied the motions but permitted Jackson to replace his counsel. His new lawyer filed a second motion for a new trial, this time alleging ineffective assistance of trial counsel. The district court denied this motion as well.

Jackson challenges the sufficiency of the evidence supporting his convictions. We reverse for insufficient evidence only if, viewing the evidence in the light most favorable to the verdict, no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Ryan, 186 F.3d 901 (8th Cir. 1999). Jackson argues that a key witness against him, Climmie Jones, was not credible, but credibility is a matter for the jury to decide. See United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996); United States v. Gordon, 974 F.2d 97, 100 (8th Cir. 1992). Jackson claims that there was no direct evidence connecting him to the conspiracy, but a conviction may rest on indirect or circumstantial evidence. See United States v.

Copple, 827 F.2d 1182, 1187 (8th Cir. 1987). Circumstantial evidence can be as probative as direct evidence to prove a conspiracy. See United States v. American Grain & Related Indus., 763 F.2d 312, 315 (8th Cir.1985). The government produced ample evidence linking Jackson to the conspiracy to distribute drugs, and the evidence was sufficient to support the convictions. See United States v. Oates, 173 F.3d 651, 660 (8th Cir. 1999); United States v. Mendoza, 121 F.3d 441, 443 (8th Cir. 1997); United States v. Delgado, 914 F.2d 1062, 1066 (8th Cir. 1990).

Jackson argues that the district court abused its discretion by admitting evidence of the Wisconsin stop of Jackson and co-conspirator Leon Durrah. During a routine traffic stop, police found two pounds of marijuana in the car in which Durrah and Jackson were passengers. In admitting the evidence under Fed. R. Evid. 403 the court said it was "part of the continuing conspiracy." Jackson argues that the evidence was inadmissible under Rule 404(b), that it was other crimes evidence and more prejudicial than probative. Acts that are closely related in time and nature to the charged conduct may be part of an ongoing conspiracy rather than separate crimes. United States v. Bass, 121 F.3d 1218, 1221-22 (8th Cir. 1997). The evidence of the Wisconsin stop revealed Jackson's continuing involvement with co-conspirator Durrah, traveling in a state which was a source for drugs for the conspiracy and in a vehicle with a large amount of marijuana. The evidence was probative and the district court did not abuse its discretion by admitting it under Rule 403, but it could also have been admitted under Rule 404(b) as evidence of a common scheme or plan, knowledge, and intent. United States v. Alaniz, 148 F.3d 929, 934-35 (8th Cir. 1998).

Jackson complains that he should have been granted a continuance when the government indicated it would introduce evidence about the Wisconsin stop. The government learned about the evidence on the eve of trial. On the first day of trial, the judge delayed jury selection for an hour to allow defense counsel to discuss the situation with Jackson and to learn from him what had happened. When the evidence was introduced three days later, Jackson's attorney conducted a competent cross

examination of the government witnesses and made timely objections, successfully excluding some evidence. Jackson has not shown that he was prejudiced by the denial of a continuance, see United States v. Heine, 920 F.2d 552, 555 (8th Cir. 1990), and the court did not abuse its discretion by denying his motion. See United States v. Sheehy, 670 F.2d 798, 800 (8th Cir. 1982); Beran v. United States, 580 F.2d 324, 327 (8th Cir. 1978).

Jackson asserts that the district court erred in denying his motion for a new trial based on a claim of ineffective assistance of counsel. We review the district court's decision for abuse of discretion. Peerless Corp. v. United States, 185 F.3d 922, 927 (8th Cir. 1999). The court denied the motion on the grounds that it was untimely (nine months after trial) and that the claim should be addressed in a collateral action under 28 U.S.C. § 2255. Federal Rule of Criminal Procedure 33 requires that a new trial motion on grounds other than newly discovered evidence be made within seven days after verdict or that an extension be obtained within that period. Jackson's motion was untimely. Moreover, § 2255 is normally the appropriate means to raise claims of ineffectiveness of counsel. United States v. Jennings, 12 F.3d 836, 840 (8th Cir. 1994). The district court did not abuse its discretion in denying the motion. See United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980).

Jackson now asks this court to consider his ineffective assistance of counsel argument. The record is not sufficiently developed for the argument to be considered, however. See Jennings, 12 F.3d at 840.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.