# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2859

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Mary Lee Sanford, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2001

Filed: March 22, 2001

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and MONTGOMERY,[*] District Judge.

_____

PER CURIAM.

Police used a confidential informant to buy crack cocaine from Tyrone Mack. Mary Lee Sanford, Mack's spouse, drove the couple's vehicle during the buy and directed the informant to the drug's location in a ditch. At her jury trial for aiding and abetting the distribution of crack cocaine, Sanford's main theory of defense was that she did not know a drug transaction was happening. Over Sanford's objection, the district

_____

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

court[**] admitted testimony from a cooperating witness who was at Sanford's home on several occasions in 1998 and 1999 to buy drugs. The witness testified that on those occasions, he saw Sanford retrieve bags of crack cocaine from a hiding place in her back yard or inside the house, and hand the bags to Mack outside. The witness also said Mack would sell the drugs after Sanford went into the house. The district court instructed the jury to consider the testimony for the sole purpose of proving whether Sanford knowingly and intentionally aided and abetted the distribution of cocaine base. The jury convicted Sanford, and the district court sentenced her to 121 months in prison.

On appeal, Sanford contends the earlier bad acts testimony was not admissible under Federal Rule of Evidence 404(b). Rule 404(b) permits admission of earlier bad acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but not to show propensity to commit the charged crime. See United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995). We review admission of earlier bad acts evidence for abuse of discretion and reverse only when the evidence clearly had no bearing on the case. See id. Earlier bad acts are admissible under Rule 404(b) if the evidence is relevant to a material issue, proved by a preponderance of the evidence, greater in probative value than prejudicial effect, and similar in kind and not overly remote in time to the charged crime. See id. Sanford asserts the testimony does not satisfy these criteria because Sanford did not know that the bags contained drugs or that Mack was engaged in drug transactions. We conclude the district court did not abuse its broad discretion in admitting the testimony. Sanford's earlier possession of crack cocaine and distribution of the drug to Mack was relevant to show Sanford's knowledge and intent, the jury could reasonably find by a preponderance of the evidence that the earlier bad acts occurred and that Sanford was the actor, the probative value of the testimony was not substantially outweighed by the

[**]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

risk of unfair prejudice, and the earlier bad acts were sufficiently similar to the charged crime to support an inference of criminal intent. See United States v. Molina, 172 F.3d 1048, 1054 (8th Cir.), cert. denied, 528 U.S. 893 (1999); United States v. Loveless, 139 F.3d 587, 592 (8th Cir. 1997); United States v. Logan, 121 F.3d 1172, 1178 (8th Cir. 1997); Shoffner, 71 F.3d at 1432. We thus affirm Sanford's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-