# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3361

_____

United States of America,     *
    *
    Appellee,     *
    *    Appeal from the United States
    v.     *    District Court for the
    *    District of Minnesota.
Idelfonso Solorio-Menera,     *
    *        [UNPUBLISHED]
    Appellant.     *

_____

Submitted: March 26, 2004

Filed: March 31, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Idelfonso Solorio-Menera pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 168 months imprisonment and 5 years supervised release. On appeal, Mr. Solorio-Menera's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising the issues of whether Mr. Solorio-Menera received ineffective assistance of

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

counsel and whether he should have received a safety-valve reduction in his sentencing offense level.

After careful review, we conclude these issues are meritless. Mr. Solorio-Menera refused to participate in an interview with the government, see U.S.S.G. §§ 2D1.1(b)(6) (providing for 2-level reduction if defendant meets § 5C1.2 criteria), 5C1.2 (requiring that defendant, among other things, truthfully provide government with all information and evidence he has concerning offense); and the ineffective-assistance claim is not properly before us, see United States v. Jackson, 204 F.3d 812, 815 (8th Cir. 2000); United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).

Finally, we have reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and we find no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

_____