# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2075
_____

United States of America,          *
                                      *

          Appellee,          *
                                      * Appeal from the United States

     v.                     * District Court for the District
                                      * of Minnesota.

David William Tereault,      *
                                      *        [UNPUBLISHED]

          Appellant.       *

_____

Submitted: April 30, 2004

Filed: May 5, 2004
_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.
_____

PER CURIAM.

      David William Tereault pleaded guilty to conspiring to distribute and possess with intent to distribute Roxanol (morphine), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The district court[1] sentenced him to 168 months imprisonment and 3 years supervised release. On appeal, his counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Mr. Tereault has filed a pro se supplemental brief.

_____

      [1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

After careful review, we find no merit in counsel's argument that the court should have used the weight of actual morphine in determining the base offense level instead of using the entire weight of the Roxanol solution.  See United States v. Young, 992 F.2d 207, 209 (8th Cir. 1993).

The arguments Mr. Tereault raises are also unavailing.  First, his ineffective-assistance claims are not properly before us.  See United States v. Jackson, 204 F.3d 812, 815 (8th Cir. 2000).  Next, the district court adequately informed Mr. Tereault of, and assured he understood, the nature of the conspiracy charge, and adequately elicited a factual basis for the plea.  See United States v. Rea, 300 F.3d 952, 958 (8th Cir. 2002) (factual basis supporting guilty plea exists where there is sufficient evidence to allow district court to be subjectively satisfied that defendant committed offense); United States v. Marks, 38 F.3d 1009, 1011 (8th Cir. 1994) (where appellant argued trial court failed to inform him of nature of charge, question was whether under totality of circumstances appellant understood nature of charge), cert. denied, 514 U.S. 1067 (1995).  Further, Mr. Tereault's acknowledgment at the plea hearing that he and his cohorts split up the Roxanol after they obtained it, and that he gave his share to other people and traded it for things, sufficiently established a conspiracy to distribute.  See United States v. Hester, 140 F.3d 753, 760-61 (8th Cir. 1998).  Finally, Federal Rule of Criminal Procedure 11 does not require the district court to state explicitly that it accepts a guilty plea.

Having found no nonfrivolous issues after reviewing under Penson v. Ohio, 488 U.S. 75, 80 (1988), we affirm.  We also grant counsel's motion to withdraw.

_____