# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2970

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
      v.                           *   District Court for the District
                                   *   of Nebraska.
Dion M. Hinton, also known as      *
Bryon Jay Smith,                   *          [UNPUBLISHED]
                                   *
            Appellant.             *

_____

Submitted: June 3, 2004
    Filed:   June 8, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Dion M. Hinton pleaded guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). The district court[1] sentenced him to 262 months imprisonment and 5 years supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Mr. Hinton has filed a pro se supplemental brief. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

After careful review, we find the ineffective-assistance claims raised by counsel and Mr. Hinton are not properly before us. See United States v. Jackson, 204 F.3d 812, 815 (8th Cir. 2000). The other arguments Mr. Hinton raises are also unavailing. The convictions Mr. Hinton challenges qualify him for career-offender status regardless whether the sentences were suspended or served (and nothing in the record supports Mr. Hinton's contention that either sentence was suspended), as the convictions are crimes of violence "punishable" by imprisonment for a term exceeding 1 year. See U.S.S.G. § 4B1.2, comment. (n.1) ("prior felony conviction" means federal or state conviction for offense punishable by death or imprisonment for term exceeding 1 year, regardless whether such offense is specifically designated as felony and regardless of actual sentence imposed); United States v. Gonzales, 220 F.3d 922, 926 (8th Cir. 2000) (unsentenced guilty plea is prior conviction for purposes of § 4B1.1). Whether the unlawful-sexual-intercourse offense could in the future be reduced to a misdemeanor is also irrelevant for career-offender purposes. Cf. Ewing v. California, 538 U.S. 11, 28-29 (2003) (though California courts have discretion to reduce "wobbler" offense to misdemeanor, "it remains a felony for all purposes 'unless and until the trial court imposes a misdemeanor sentence.' " (citations omitted)).

Having found no nonfrivolous issues after reviewing under Penson v. Ohio, 488 U.S. 75, 80 (1988), we affirm. We also grant counsel's motion to withdraw.

_____