# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2392

_____

United States of America,           *
                                      *

        Plaintiff - Appellee,     *

                                        * Appeal from the United States
v.                                     * District Court for the
                                     * Southern District of Iowa.

Andrew Mark Armstrong,    *

                                       * [UNPUBLISHED]
        Defendant - Appellant.   *

_____

Submitted: November 15, 2006
Filed: November 20, 2006

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

     Andrew M. Armstrong, owner of All Tech, Inc., was convicted of five counts of willful failure to pay employment tax in violation of 26 U.S.C. § 7202 (Counts 1-5), one count of embezzling from his company's 401K plan in violation of 18 U.S.C. § 664 (Count 6), and one count of embezzling from its health benefits plan in violation of 18 U.S.C. § 669 (Count 7). The district court[1] sentenced him to 60 months imprisonment on Counts 1-6 and 78 months on Count 7, to run concurrently. Armstrong appeals his conviction and sentence. We affirm.

_____

[1]The Honorable James E. Gritzner, U.S. District Judge for the Southern District of Iowa.

Armstrong argues that his conviction violates the double jeopardy clause because he has already been punished for the charged conduct in a 2001 proceeding in which he pled guilty to attempted obstruction of justice for trying to destroy financial records. At the sentencing hearing in that case there was testimony from employees injured by his embezzlement of 401K funds, and the court set a special condition of his supervised release that he pay restitution to them as well as any taxes owed. To be sure, the double jeopardy clause protects against multiple punishments for the same offense, see Ex parte Lange, 85 U.S. 163 (1874), but the Supreme Court has specifically rejected the claim that double jeopardy should bar prosecution for criminal conduct previously considered at sentencing for a separate crime. Witte v. United States, 515 U.S. 389, 398 (1995) (upholding sentencing enhancements based on uncharged conduct). Armstrong attempts to distinguish Witte by arguing that a sentence of restitution is a specific punishment for uncharged conduct in a way that an enhancement is not. We find the reasoning of Witte applicable to the present case, however, and conclude that Armstrong's conviction does not violate the double jeopardy clause.

Armstrong also challenges the district court's denial of his motion for acquittal on Counts 5, 6, and 7 of the indictment, questioning the sufficiency of the evidence. Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have found Armstrong guilty beyond a reasonable doubt on all charges. See United States v. Kelley, 152 F.3d 881, 886 (8th Cir. 1998). On Count 5, there is ample evidence from which a jury could conclude that Armstrong retained significant, even if not exclusive, control over the company's finances during the fourth quarter of 2000 and on through March 2001. See Olsen v. United States, 952 F.2d 236, 243 (8th Cir. 1991) (noting that an individual may be a "responsible person" without having exclusive control over finances). There is also sufficient evidence to support a finding of guilt as to Counts 6 and 7 since the government showed that Armstrong was entrusted with control of employee contributions to the 401K and health care benefits plan and that he wrongfully diverted those monies for his own purposes. To establish conversion the government need not show that the defendant

directly and personally benefitted from the diverted funds. See United States v. Goad, 490 F.2d 1158, 1165-66 (8th Cir. 1974); see also United States v. Santiago, 528 F.2d 1130, 1135 (2d Cir. 1976).

Armstrong argues for the first time on appeal that a jury instruction violated his due process rights by leading jurors to believe that the element of intent need only be proved by a preponderance of the evidence. Because the court's instruction properly advised jurors to consider "other acts" evidence if proved by a preponderance of the evidence but nowhere stated that this lower burden of proof would apply to the element of intent itself, we find no plain error. See United States v. Sills, 120 F.3d 917, 920 (8th Cir. 1997).

Armstrong also argues that the district court abused its discretion in admitting evidence relating to his obstruction of justice conviction, including a tape recording of a phone conversation in which he asked a government witness to destroy company financial records. Although Armstrong's counsel objected that it was unduly prejudicial propensity evidence, it does not clearly fall under Rule 404(b) since it was related to the charged crimes. See United States v. Swinton, 75 F.3d 374, 378 (8th Cir. 1996). In any event the evidence was highly probative of Armstrong's knowledge and criminal intent. See Spies v. United States, 317 U.S. 492, 499 (1943) (characterizing the destruction of books or records as evidence of a willful intent to evade taxes). We cannot say that the court abused its discretion in admitting it. See United States v. Green, 275 F.3d 694, 701 (8th Cir. 2001).

Armstrong advances two additional constitutional challenges, both of which we find to be without merit. First, he argues that the district court violated his right to confrontation by accepting his stipulation to certain key facts, which he and his attorney signed, without first inquiring whether there was a knowing and intelligent waiver. We review the waiver of rights de novo, see Williams v. Bowersox, 145 F.3d 1006 (8th Cir. 1998), and find no error here because the factual stipulation was signed by Armstrong and his attorney and entered into evidence in open court in the

presence of the defendant.  See United States v. Ferreboeuf, 632 F.2d 832, 836 (9th Cir. 1980).  Second, Armstrong argues that the district court violated his Sixth Amendment rights at sentencing by increasing his offense level based on the amount of loss in employee funds, a fact not proved to the jury.  We reject this argument as contrary to controlling precedent.  See United States v. Booker, 543 U.S. 220 (2005); see also  United States v. Brave Thunder, 445 F.3d 1062, 1065 (8th Cir. 2006).

Finally, Armstrong challenges the district court's application of the sentencing guidelines, arguing that the court improperly failed to give him credit for time served on his earlier obstruction conviction because it erroneously believed that it could not. He argues also that the court erred in assigning separate criminal history points to three previous convictions when he had received a single sentence for them at a parole revocation hearing.  We review the district court's interpretation and application of the sentencing guidelines de novo.  Brave Thunder, 445 F.3d at 1065.  The district court was not obligated to give Armstrong credit for time served, and there is no indication in the record that the court's decision not to do so was based on faulty legal assumptions.  That the three unrelated offenses were later assigned one sentence at a parole revocation hearing (not the original sentencings) does not change the fact that they arose out of three separate arrests and therefore constitute separate offenses.  See U.S.S.G. § 4A1.2 comment. n.3.  We therefore find no error in the sentence.

For the foregoing reasons, we affirm Armstrong's conviction and sentence.

_____