# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1721

_____

United States of America,         *
                              *

        Appellee,          *

                              *    Appeal from the United States

     v.                 *    District Court for the

                              *    Southern District of Iowa.

Juan Aldama Garcia,         *

                              *    [UNPUBLISHED]

        Appellant.       *

_____

Submitted: November 14, 2011
Filed: November 25, 2011

_____

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

_____

PER CURIAM.

The appellant, Juan Aldama Garcia, a Mexican national, pleaded guilty to one count of unlawful entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The district court[1] sentenced Garcia to 85 months' imprisonment.[2] On appeal, Garcia argues the district court clearly erred in finding he was an active member of the Latin Kings street gang at the time of the offense. We affirm.

_____

[1]The Honorable John A. Jarvey, United States District Court for the Southern District of Iowa.

[2]The district court also sentenced Garcia to a consecutive 15-month sentence for a supervised release violation, arising out of a similar case in Arizona.

On July 28, 2010, Garcia was arrested in Johnson County, Iowa, for driving while his license was denied or revoked. At the time of the arrest, Garcia was wearing black shoes with yellow laces, a black shirt, and a black Pittsburgh Pirates baseball cap with a yellow "P" on it. When later questioned about his clothing, Garcia admitted black and yellow are the colors of the Latin Kings street gang. He further stated the "P" on his baseball cap stood for "People Nation," a group of gangs to which the Latin Kings belong. Garcia admitted to being a member of the Latin Kings in the past, but denied being affiliated with the gang at the time of his arrest.

On August 18, 2010, a grand jury returned a single-count indictment charging Garcia with unlawful reentry after deportation. See 8 U.S.C. § 1326(a), (b)(2). Garcia pleaded guilty to the offense on November 22, 2010, and a sentencing hearing was set for March 25, 2011. The only contested issue at sentencing was Garcia's active membership in the Latin Kings street gang at the time of the offense.

To establish Garcia's affiliation with the Latin Kings at the time of the offense, the government offered photographs of Garcia's gang-related tattoos, including a lion with a five-pointed crown on his chest, an "It's Good To Be A King" tattoo on his forearm, and a teardrop tattoo under his left eye. Detective Michael Channon, an expert on the Latin Kings, testified the teardrop tattoo signified a violent act taken on behalf of the gang, and explained the tattoo can only be worn with the gang's permission. Detective Channon further testified the following markers are representative of the Latin Kings street gang: black and yellow colors; sports-affiliated clothing, generally associated with the Iowa Hawkeyes, the Pittsburgh Steelers, or the Pittsburgh Pirates; and an emphasis on the letter "P" for "People Nation," the group of gangs to which the Latin Kings belong. He opined a gang member who wanted to end his affiliation with the gang would not wear gang-related colors or display gang-related tattoos. According to his testimony, however, membership in the Latin Kings is "for life" and "once you are in the gang . . . [y]ou don't get out." Additionally, the arresting officer testified the Latin Kings have been

-2-

present in Johnson County, Iowa, noted Garcia wore the gang's colors and symbol on the day of his arrest, and stated the Latin Kings pose a problem for law enforcement in Johnson County.

Based on the evidence presented at the sentencing hearing, the district court found Garcia was an active member of the Latin Kings street gang at the time of his arrest. The court considered Garcia's gang membership as part of its section 3553(a) analysis in fashioning an appropriate sentence. See 18 U.S.C. § 3553(a)(1) (requiring a sentencing court to consider the history and characteristics of the defendant). Having calculated Garcia's advisory Guideline range at 71 to 87 months, the court then sentenced him to 85 months' imprisonment. Garcia timely appealed.

The narrow issue on appeal is whether the district court erred in finding Garcia was an active member of the Latin Kings at the time of the offense. We review the sentencing court's factual findings for clear error. United States v. Brooks, 648 F.3d 626, 629 (8th Cir. 2011). A finding of fact is clearly erroneous only if we are left with a definite and firm conviction a mistake has been made. United States v. Guiheen, 594 F.3d 589, 591 (8th Cir. 2010) (citation omitted).

If the defendant challenges a factual basis for his sentence, the government must prove the challenged facts by a preponderance of the evidence. United States v. Kang, 143 F.3d 379, 381 (8th Cir. 1998). At sentencing, the government presented testimony Garcia wore the Latin Kings' black and yellow colors and had gang-related tattoos on the day of his arrest. See United States v. Ellison, 616 F.3d 829, 833-34 (stating evidence the defendant wore gang colors, had gang tattoos, and used gang signs was admissible, among other purposes, to impeach defendant's testimony he was not a member of the West Side Hustlers gang); see also United States v. Lara, 181 F.3d 183, 190 (1st Cir. 1999) (explaining "[m]embers of the Latin Kings signal their affiliation by sporting beads and other accouterments (including tattoos) in the gang's colors–black and gold"); United States v. Bethal, 245 F. App'x 460, 475-76

(6th Cir. 2007) (McKeague, J., dissenting) (noting gangs use particular colors and symbols to create a group identity and rely on permanent markings, such as tattoos, to indicate gang membership). The government further established, through expert witness testimony, only active Latin Kings members can wear the gang's colors and display the teardrop tattoo, which one earns by committing a violent crime on behalf of the gang. See United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir. 1991) (holding the district court properly admitted expert testimony on defendant's active gang membership). Moreover, although denying an affiliation with the Latin Kings at the time of his arrest, Garcia admitted to his past membership in the gang. In turn, the government presented expert testimony membership in the Latin Kings street gang is "for life." See United States v. Sills, 120 F.3d 917, 920 (8th Cir. 1997) (stating gang-related evidence, including testimony "gang membership is for life," is admissible to show gang affiliation). Based on the record, we conclude the district court did not clearly err in finding Garcia was an active member of the Latin Kings street gang at the time of the offense.

Accordingly, we affirm the district court's judgment.

_____